IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George S. Branham, II, | C/A No. 0:23-cv-745-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Bryan Stirling, *Director, South Carolina Department of Corrections*, and Shane Jackson, *Warden, Lee Correctional Institution*, | |
| Respondents. | |

Petitioner George S. Branham, II, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Respondents moved for summary judgment. [ECF No. 16.] This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 30.] The Report recommends the court grant Respondents' motion for summary judgment because Petitioner fails to argue his claims under the proper standard. *Id.* Petitioner objects to the Report, and, alternatively, requests leave to amend his petition or to submit additional briefing "so that this [c]ourt may address the merits of [his] claim[s]." [ECF No. 35 at 8.]

Having reviewed the petition, the motion for summary judgment and responsive pleadings, and the Report, the court fully agrees with the magistrate judge's analysis. The law is clear that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

1

States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). This standard is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). Indeed, to obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Additionally, a federal court must presume the state court's factual findings are correct, and the petitioner can only rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Petitioner fails to present his claims under the AEDPA standard and instead offers "only substantive arguments . . . that the PCR court erred." [ECF No. 30 at 10.] The court, therefore, agrees with the Report that his petition for federal habeas relief fails on its face. *Id.* at 6. However, out of an abundance of caution, the court will grant Petitioner's request to either amend the petition or provide supplemental briefing. Counsel is reminded that it is incumbent on the litigants to articulate whether Petitioner is entitled to § 2254 relief under the proper standard. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Simply copying and pasting the state petition for writ of certiorari into a document entitled "Petition for Writ of Habeas Corpus" will not do. *Cf.* ECF Nos. 1 & 15-5.

Accordingly, the court denies Respondents' motion for summary judgment, ECF No. 16, without prejudice and with leave to refile. Petitioner must amend his petition or submit supplemental briefing within 21 days of this order. Thereafter, Respondents will have 21 days to

file any dispositive motions. This matter is recommitted to the magistrate judge for preliminary matters.

    **IT IS SO ORDERED.**

February 26, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge