IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George S. Branham, II,<br><br>                        Petitioner,<br><br>v.<br><br>Bryan Stirling, Director, South Carolina Department of Corrections; Shane Jackson, Warden, Lee Correctional Institution,<br><br>                        Respondents. | C/A No. 0:23-cv-745-SAL<br><br><br>**ORDER** |

George S. Branham, II ("Petitioner"), a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 66.] In the Report, the magistrate judge recommends granting Respondents' motion for summary judgment, ECF No. 58, and denying the petition. Petitioner has filed objections to the Report, and Respondents have replied to those objections. [ECF Nos. 67, 68.] For the reasons outlined below, the court adopts the Report and grants Respondents' motion for summary judgment.

## BACKGROUND

The Report sets forth a more detailed history of Petitioner's case, which the court adopts. But for purposes of this order, an abbreviated history suffices.

In August 2011, Petitioner was tried in state court for first-degree criminal sexual conduct with a minor. He was represented by Jason D. Kirincich, Esq., at trial. The jury found Petitioner guilty, and the trial judge sentenced him to fifty years' imprisonment. Petitioner appealed his

1

conviction and sentence, but his direct appeal was dismissed by the South Carolina Court of Appeals.

In August 2014, Petitioner filed a post-conviction relief ("PCR") application. Following an evidentiary hearing in February 2016, where Petitioner was represented by counsel, a state court denied the PCR application and dismissed it with prejudice. Petitioner appealed that order by filing a petition for writ of certiorari in the South Carolina Supreme Court. The petition was transferred to the South Carolina Court of Appeals, and the petition was denied.

Through counsel, Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2254 in February 2023. [ECF No. 1.] Counsel later supplemented the petition, raising ten grounds for relief under the § 2254 standard. [ECF No. 46.] On April 12, 2024, Respondents moved for summary judgment, which is now fully briefed. [ECF Nos. 58, 62, 64.] On November 4, 2024, the magistrate judge issued the Report at issue, recommending the court grant Respondent's motion for summary judgment. [ECF No. 66.] Petitioner objected to the Report on November 18, 2024, and Respondents later replied. [ECF Nos. 67, 68.] Thus, the matter is now ripe for consideration by this court.

**LEGAL STANDARDS**

**I.    Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews de novo only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court to a party's true objection to the Report. *Id.*

2

at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If instead a litigant objects only generally, the court reviews the Report for clear error and need not provide an explanation for adopting the recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

## II.     Review of a Motion for Summary Judgment

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of proving he is entitled to summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmoving party must then show that a material fact is genuinely disputed. In determining whether of a genuine issue of material fact exists, the court must draw all justifiable inferences in favor of the nonmoving party. *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual

disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Review of a Petition for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court cannot grant an application for a writ of habeas corpus with respect to any claim adjudicated on the merits in a state court proceeding unless the decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The AEDPA standard of review is "highly deferential" to the state court. *Davis v. Ayala*, 576 U.S. 257, 269 (2015). To obtain relief, "a state prisoner must show that the state court's ruling on the claim presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, the state court's factual findings are presumed to be correct, and the petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. Ineffective Assistance of Counsel

All of Petitioner's habeas grounds raise claims of ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Petitioner must show (1) his trial counsel was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. Under the first prong, Petitioner must prove that counsel "made errors so serious" that his representation "fell below an objective standard of reasonableness[.]" *Id.* at 687–88. To satisfy the second prong,

Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

On habeas review, a claim for ineffective assistance of counsel—"a deferential analysis in its own right—must be viewed through the deferential lens of Section 2254(d)." *Thompson v. Gansler*, 734 F. App'x 846, 853 (4th Cir. 2018); *see also Harrington*, 562 U.S. at 101 (deeming the standards "doubly" deferential "in tandem"). The question for a federal habeas court "is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Thus, while "[s]urmounting *Strickland*'s high bar is never an easy task[,]" proving that "a state's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." The court must "give[] both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

## DISCUSSION

Having reviewed the record, the briefs of the parties, and the Report, the court finds the magistrate judge recited the applicable standards for review under § 2254 and correctly applied them. The magistrate judge recommends that the court grant Respondents' motion for summary judgment based on her application of the applicable federal law to the facts of this case. [ECF No. 66.] The court agrees with the magistrate judge's reasoning and adopts the Report in full. Petitioner objects, and the court addresses those objections below.

### I.     Grounds One and Two

Petitioner's first two grounds concern trial counsel's handling of testimony from Debbie Elliott, a State witness qualified as an expert in child abuse assessment and forensic interviewing. Petitioner alleges ineffective assistance of counsel for failing to object to Elliott's qualifications as

5

an expert (Ground One) and for not challenging her bolstering of the victim's credibility (Ground Two). The PCR court rejected both claims—finding Petitioner failed to establish either deficiency or prejudice. *See* ECF No. 15-2 at 23–27. Rather than "follow the parties into the weeds of South Carolina law on expert qualification and bolstering in child abuse cases[,]" the magistrate judge assumed deficiency and focused on the prejudice prong. [ECF No. 66 at 12.] She concluded Petitioner failed to show the PCR court's findings on prejudice were unreasonable. *Id.* at 12–13.

Petitioner objects to the magistrate judge's decision to address only the prejudice prong of *Strickland*. [ECF No. 67 at 2.] The court finds this approach prudent. The Supreme Court has made clear that a court need not address both prongs of *Strickland*. Indeed, *Strickland* itself states,

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697; *see also Shinn v. Kayer*, 592 U.S. 111, 120 (2020) ("[I]f a fairminded jurist could agree with either [the court's] deficiency or prejudice holding, the reasonableness of the other is 'beside the point.'" (quoting *Wetzel v. Lambert*, 565 U.S. 520, 524 (2012))).

Most of Petitioner's arguments on Grounds One and Two focus on deficiency. For example, he references state law to argue trial counsel should have known Elliott was improperly qualified as an expert.[1] *See* ECF No. 67 at 3. He also argues that, because the State conceded deficient performance in his PCR appeal with respect to Ground Two, the magistrate judge "should

---

[1] The court notes that the PCR court considered state law and found trial counsel was not deficient. *See* ECF No. 15-2 at 23–27. These issues were appealed in a petition for writ of certiorari, which was dismissed. Petitioner's argument would require this court correcting a state court in its application of state law, but that is not appropriate. *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas courts [ ] to correct the interpretation by state courts of a state's own laws.").

have affirmatively found deficiency rather than merely assuming it." *Id.* at 4. But, again, these arguments regarding deficiency have no impact on the disposition of these grounds.[2] The magistrate judge assumed deficiency for expediency and addressed only prejudice, consistent with Supreme Court guidance. The court overrules Petitioner's objections related to deficient performance as to Grounds One and Two.

Petitioner also challenges the magistrate judge's conclusions on prejudice. He asserts

> South Carolina state courts consistently find deficient performance when trial counsel failed to object to "opinion testimony" that "improperly bolstered" the child's testimony and prejudice when "the outcome of the case hinged on the [child's] credibility . . . and there was otherwise an absence of overwhelming evidence of" guilt.

*Id.* at 4–5 (quoting *Smith v. State*, 689 S.E.2d 629, 633 (S.C. 2010); *cf. Briggs v. State*, 806 S.E.2d 713 (S.C. 2017); *Dawkins v. State*, 551 S.E.2d 260 (S.C. 2001); *State v. Dempsey*, 532 S.E.2d 306 (S.C. Ct. App. 2000)). He then argues both the magistrate judge and the PCR court unreasonably found no prejudice, citing testimony of the victim's mother, the State's "discredited" medical testimony, and the testimony of Petitioner's own expert, who testified at the PCR evidentiary hearing. [ECF No. 67 at 5.] Petitioner maintains that, contrary to the PCR court's finding, the State did not present overwhelming evidence of guilt and that the case turned on a credibility

---

[2] One of Petitioner's deficiency-based arguments relates to *Mangal v. Warden, Perry Corr. Inst.*, No. 6:18-106-RBH-KFM, 2019 WL 7461668 (D.S.C. Dec. 18, 2019), *adopted without objection by* No. 6:18-CV-00106-RBH, 2020 WL 42859 (D.S.C. Jan. 3, 2020), a case where a court in this district granted habeas relief after finding trial counsel was deficient in failing to object to improper bolstering testimony and that the petitioner was prejudiced as a result.
  However, the court notes that *Mangal* is readily distinguishable from this case in at least two ways. First, in *Mangal*, the court had the opportunity to hold an evidentiary hearing and hear testimony from trial counsel regarding his failure to object. *See Mangal*, 2019 WL 7461668, at *14–23. Based on the procedural posture of that case, the court in *Mangal* was not bound by the ineffective-assistance-of-counsel assessment by the state court in the way this court is in this case. Second, the *Mangal* court found prejudice "[g]iven the importance of the jury's assessment of the victim's credibility in this case and the lack of overwhelming evidence of the petitioner's guilt . . . ." *Id.* at *23. As will be explained in this order, this case is dissimilar in that respect, as well.

contest between himself and the victim. *Id.* at 6.

Ultimately, Petitioner's position on prejudice is unpersuasive because it fails to afford proper deference to the factual findings by the PCR court, including its determination that there was "overwhelming evidence of guilt" against Petitioner. The PCR court outlined the following evidence specifically:

> At [Petitioner's] trial, Ms. Scott testified on the night of the abuse she woke up to see Applicant in the hallway lying on top of Victim with his pants down. She further testified Victim's pants were also down. In addition to Ms. Scott's testimony, both medical experts who examined Victim testified that there was attenuation of the hymen, which was consistent with past penetration.

[ECF No. 15-2 at 27 (internal citations and footnote omitted).] Thus, Petitioner's suggestion that his guilt hinged solely on a credibility question between the victim and himself is inconsistent with the state court's findings. And § 2254 requires that this court presume the state court's factual findings to be correct. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). While Petitioner disagrees with the state court's factual findings and argues the PCR court and the magistrate judge ignored the cumulative weight of the evidence, he has not provided the clear and convincing evidence required to overcome the presumption of correctness. His own assessment of the witnesses' credibility is not enough. Moreover, as discussed in the Report, other evidence supported his guilt, including Scott's testimony that Petitioner told her he was helping the victim wipe after using the bathroom, and the responding officer's testimony that Petitioner told him the same story. *See* ECF No. 66 at 12. Additionally, the victim testified at trial, and her forensic interview was admitted into evidence over trial counsel's objection. *Id.*

Petitioner specifically disagrees with the state court's characterization of the evidence

8

against him as "overwhelming." However, he supports his position only by citing state law on what constitutes "overwhelming" evidence. *See* ECF No. 67 at 6 (quoting *Smalls v. State*, 810 S.E.2d 836, 845 (S.C. 2018)). That is insufficient to meet his burden under § 2254, which requires him to show the PCR court's determination either "was contrary to, or involved an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States*" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (emphasis added).

The court overrules Petitioner's objections related to Grounds One and Two. The court agrees with the magistrate judge's conclusion—Petitioner has failed to overcome the doubly deferential standard this court must apply to these grounds. *See* ECF No. 66 at 12–13.

## II.   Ground Three

In Ground Three, Petitioner contends trial counsel was ineffective for failing to adequately investigate the State's medical evidence and for not obtaining an expert to challenge the State's expert witness, Dr. Kathy Saunders. The PCR court found Petitioner failed to demonstrate either prong of *Strickland* as to this claim, and the Report aptly explains why Petitioner has failed to meet his burden under § 2254. [ECF No. 66 at 13–16.]

Petitioner objects, arguing the Report "incorrectly implies that [he] relies exclusively on state law" for his argument that counsel had a duty to investigate and present expert testimony refuting the State's medical evidence. [ECF No. 67 at 14.] The Report makes no such implication. Instead, the Report correctly points out that Petitioner relies only on state law for his argument that trial counsel's duty "include[d] the duty to investigate the prosecution's medical evidence and present expert testimony refuting the State's expert." [ECF No. 47 at 12 (citing *McKnight v. State*, 661 S.E.2d 354 (2008)).] But, then, the magistrate judge explains that federal law—*Strickland*—

"places no such duty on counsel." [ECF No. 66 at 15.] Thus, even if state law might arguably place a higher burden on counsel, this court can only grant habeas relief where there has been an unreasonable application of federal law. *See Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000) ("[W]hile States are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented, we have held that the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.").

The Report goes on to explain why Petitioner has shown no such unreasonable application of federal law occurred as to this claim. *Id.* at 15–16. Petitioner disagrees and argues trial counsel "unreasonably limited his investigation of the medical evidence and further failed to conduct [an] independent investigation." [ECF No. 67 at 8.] But, as the Report explains, trial counsel met with the State's expert and reviewed the evidence. Given this and the state court's denial of trial counsel's request for funding for another expert, trial counsel did not engage an independent medical expert. [ECF No. 66 at 15.] The PCR court found trial counsel was not deficient and that "he was able to vigorously cross-examine both of the State's experts and highlight the differences in their findings." [ECF No. 15-2 at 28.] As stated in the Report, "the PCR court's determination that counsel's decision was not deficient is reasonable and consistent with controlling United States Supreme Court precedent." ECF No. 66 at 15; *see also Strickland*, 466 U.S. at 691 ("[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").

Given the reasonableness of the PCR court's decision as to deficiency, there is no need to address the prejudice issue further. But Petitioner also asserts that he was prejudiced by counsel's failure to retain an expert, such as Dr. Olga Rosa, who testified at the PCR evidentiary hearing and would have been able to challenge the State's medical evidence. [ECF No. 67 at 8.] The PCR

10

court found that Petitioner failed to establish prejudice where his "own expert did not refute the opinion presented by State's experts at trial" that victim had been sexually assaulted. [ECF No. 15-2 at 28.] In his objections, Petitioner argues that both the magistrate judge and the PCR court improperly "gave undue weight to the inadmissible portions of Dr. Rosa's opinions that rely on the 'historical statements' of the child." [ECF No. 67 at 8.] Petitioner claims that doing so ignores well-settled state law on the admission of evidence, citing Rule 803(4), SCRE, which provides a limited hearsay exception "for purposes of medical diagnosis or treatment and describing medical history," but limits what hearsay-based evidence can be presented. *Id.* When Petitioner's argument requires the court to reexamine a state court's application of state law, however, the court cannot do so. Furthermore, this court has no authority to grant habeas relief based on an alleged misapplication of state evidence law.[3] *See Estelle v. McGuire*, 502 U.S. 62, 68 ("In conducting

---

[3] As an aside, the court does not track with Petitioner's arguments. Petitioner specifically cites *State v. Bourroughs*, 492 S.E.2d 408 (S.C. Ct. App. 1997), a state appellate court case that distinguishes what types of hearsay statements might be admissible from what are not under state law. There, the South Carolina Court of Appeals explained,

> [C]ertainly, a statement that the victim had been raped or that the assailant had hurt the victim in a particular area would be pertinent to the diagnosis and treatment of the victim . . . . [But] the fact that [the defendant] asked if he could have a hug before he assaulted the victim in no way can be viewed as 'reasonably pertinent' to the victim's diagnosis or treatment.

492 S.E.2d at 501. From that, it appears that, under state law, the substance of the statements themselves are critical to determining the admissibility of the expert testimony. *Cf. State v. Brown*, 334 S.E.2d 816, 817 (S.C. 1985) (explaining "[t]he perpetrator's identity would rarely, if ever, be a factor upon which the doctor relied in diagnosing or treating the victim. A doctor's testimony as to history should include only those facts related to him by the victim upon which he relied in reaching his medical conclusions"). Perhaps if the victim's statements identify Petitioner as her abuser or include other details not relevant to a diagnosis of sexual abuse, they would be inadmissible. But the court gathers that other statements could be admissible. For instance, according to the South Carolina Supreme Court, "[A]fter recent trauma, [some] type of statements can provide the doctor with specific areas to focus on or specific conditions to search for when performing the diagnostic physical exam and are reasonably pertinent to diagnosis or treatment." *State v. Simmons*, 816 S.E.2d 566, 564. Petitioner seems to suggest all "historical statements"

11

habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The court thus overrules Petitioner's objections to the prejudice analysis. But, in any event, without meeting his burden as to deficiency, Petitioner's Ground Three fails.

**III.     Grounds Four, Six, and Seven**

The magistrate judge considered Petitioner's Grounds Four, Five, and Seven together as all related to trial counsel's failure to object to purported inadmissible hearsay. While Petitioner disagrees with this approach, the court finds no issue with grouping the claims in this manner, as it promoted judicial economy without hindering the court's ability to consider the issues effectively issues.

Petitioner offers that the magistrate judge "appear[ed] to find deficient performance." [ECF No. 67 at 9.] Not so. The Report clearly indicates that Petitioner failed to show trial counsel was deficient under the standards established by the Supreme Court. *See* ECF No. 66 at 18. The court agrees with the Report.

Petitioner further argues that both the magistrate judge and the PCR court "incorrectly relie[d] on this case being a case where the State presented overwhelming evidence of guilt." [ECF No. 67 at 9.] As discussed earlier, this argument, rooted in state law, is irrelevant to the court's habeas review. Further, if the PCR court's conclusion was based on its own factual and credibility findings, those are entitled to deference here. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir.

---

relied upon by Dr. Rosa were categorically inadmissible, but that does not seem consistent with the relevant state law.

2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). This objection is overruled.

Finally, Petitioner implies error in the Report by asking, "What could be more prejudicial than allowing witnesses to repeatedly identify Mr. Branham as the perpetrator when a well-established objection to this hearsay would have excluded the testimony?" [ECF No. 67 at 10.] But in assessing the prejudice prong of *Strickland*, the court is not tasked with ranking the detrimental impact of trial events or potential objections. As the Supreme Court explained, "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Strickland*, 466 U.S. at 696. The PCR court found Petitioner was not prejudiced by any alleged errors of trial counsel, and this court, applying § 2254 standards, concludes those determinations were not unreasonable in law or fact.

For all of these reasons, Petitioner's objections to Grounds Four, Six, and Seven are overruled.

**IV.    Ground Five**

In Ground Five, Petitioner argues trial counsel provided ineffective assistance by failing to object when the solicitor improperly pitted Petitioner against State witnesses. Importantly, the PCR court's conclusion focused on whether there was prejudice. And the Report noted Petitioner's arguments "[s]ignificantly lack[ed] . . . any meaningful discussion of *Strickland* or how the PCR court failed to correctly apply *Strickland*." [ECF No. 66 at 20.] The court agrees.

In his objections, Petitioner faults the magistrate judge for not addressing a host of state law cases. Again, the court may not grant habeas relief based on errors in state law. This objection is overruled.

13

Petitioner also attempts to overcome the PCR court's finding that there was overwhelming evidence of guilt against Petitioner. The court has addressed this argument and need not do so again. *See supra* pp. 8–9, 12–13.

Finally, Petitioner asks, "[W]ith the purported strategy being to show the State's witnesses were lying about Mr. Branham perpetrating the abuse, what could be more prejudicial than foregoing a well-established objection to the prosecutor's improper pitting and allowing the government to exploit that questioning during closing arguments?" [ECF No. 67 at 11.] As explained above, this question misses the mark for the relevant inquiries under *Strickland* and § 2254.

Petitioner's objections to Ground Five are overruled.

## V.     Ground Eight

Ground Eight concerns trial counsel's failure to object to a jury instruction regarding victim testimony. The PCR court found trial counsel was not deficient "because the trial court's jury charge was an appropriate charge on the law at the time," and Petitioner did not suffer any prejudice. [ECF No. 15-2 at 30.] The magistrate judge thoroughly explained why Petitioner's arguments failed to meet his burden under § 2254. [ECF No. 66 at 20–22.] Petitioner's objections are based on the application of state law. *See* ECF No. 67 at 11. He claims the magistrate judge rejected this ground based on the application of state law, but that is not the case. Instead, the magistrate judge rejected this ground because Petitioner failed to show the PCR court's rejection of this claim was unreasonable under federal law. *See* ECF No. 66 at 22. It was the PCR court that applied the state law, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. Accordingly, the court overrules Petitioner's objections.

14

## VI. Ground Nine

Part of trial counsel's strategy at trial was to demonstrate that the victim's family coached her to accuse Petitioner, and, to that end, trial counsel asked Ms. Scott, the victim's mother, if anyone had "ever made a false allegation against [Petitioner] in" her family. [ECF No. 15-1 at 165; *see also* ECF No. 15-2 at 23.] In Ground Nine, Petitioner argues trial counsel was ineffective for asking this question. But the PCR court denied that claim, finding that trial counsel's strategy was "valid and prudent based on all testimony presented; and, therefore, [trial counsel's] performance was not deficient." [ECF No. 15-2 at 23.] The PCR court further found there was no prejudice. The Report explains that the PCR court's reasoning "tracks *Strickland*'s instruction to afford trial counsel latitude in making strategic decisions, even if those decisions do not pan out in a defendant's favor." [ECF No. 66 at 23 (citing *Strickland*, 466 U.S. at 689–90 (instructing reviewing courts to presume counsel's conduct falls within the "wide range" of competent assistance); *Harrington*, 562 U.S. at 110 ("*Strickland* does not guarantee perfect representation, only a reasonably competent attorney.")).] As a result, the Report concludes Petitioner has showed no error in the PCR court's decision.

In his objections, Petitioner argues the Report "does not consider the prejudice of trial counsel introducing allegations that Mr. Branham abused another child." [ECF No. 67 at 12.] He further contends this this was more than ill-fated strategy—that "[t]rial counsel intentionally asked questions suggesting Mr. Branham had a pattern of sexually abusing children while knowing the trial judge would not allow him to present all of the evidence necessary to show that the other allegations were false." *Id.*

The court understands that Petitioner believes trial counsel's strategy was ill-advised and detrimental to his case. But as explained in the Report, the PCR court gave trial counsel significant

deference, as required by Supreme Court precedent. *See Strickland*, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."). The court also agrees with the magistrate judge's reasoning that the jury could easily infer the intended purpose of the question about prior false accusations. *See* ECF No. 66 at 23. The court overrules Petitioner's objections. He has failed to show that the PCR court's denial of this claim was based on unreasonable factual findings or an unreasonable application of federal law.

### VII. Ground Ten

In his final ground, Petitioner asserts trial counsel was ineffective for failing to object when the jury requested to view the victim's forensic interview in the jury room. The PCR court rejected this claim, but both parties agree that the PCR court misapplied state law regarding a state court's discretion to allow a jury to review witness testimony. *See* ECF No. 66 at 25. After reviewing the relevant facts, the magistrate judge concluded that "the PCR court's ultimate conclusion that Petitioner did not suffer prejudice is reasonable . . . ." *Id.*

Petitioner offers that "[t]he PCR court's application of [*State v. Plyler*, 270 S.E.2d 126 (1980)] was an unreasonable determination of the facts and an unreasonable application of the deficient performance prong of *Strickland*." [ECF No. 67 at 13.] The court disagrees, noting that the misapplication of a state law does not equate to an unreasonable determination of facts or an unreasonable application of federal law. And as stated repeatedly in this order, this court is wary to tell a state court it has wrongly applied its own law. Habeas relief is not available for a misapplication of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only

16

noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").

At the same time, even accepting the parties' joint position that the PCR court was wrong in its application of the relevant state law, the court agrees with the magistrate judge's ultimate recommendation. The failure of trial counsel to object failure to object does not rise to the level of constitutional deficiency. *See* ECF No. 66 at 25 ("Petitioner has not provided any caselaw suggesting an objection by trial counsel under these circumstances would have been successful."); *see also Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions."); *Springer v. Collins*, 586 F.2d 329, 332 (4th Cir. 1978) ("[E]ffective representation is not synonymous with errorless representation.").

But, even if it does, the result of failing to object was that the jury could view the properly admitted evidence in the jury room rather than in the courtroom. Petitioner argues that, "[i]n the jury room, the jurors could replay the video repeatedly, thereby overemphasizing this evidence. Whereas, in the courtroom, the trial judge would be able to ensure that the replay of the evidence mirrored the way it was presented during the trial." [ECF No. 67 at 13.] But the court is unconvinced that the jury's ability to rewatch the victim's forensic interview in the jury room, rather than the courtroom, prejudiced Petitioner in light of the weight of evidence against him. *See Strickland v. Washington*, 466 U.S. at 695–96 ("Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record

17

support."). If there was deficient performance, Petitioner has not demonstrated prejudice under *Strickland*.

For these reasons, the court overrules Petitioner's objections to Ground Ten.

## CONCLUSION

After a de novo review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 66, as set forth above. Respondent's motion for summary judgment, ECF No. 58, is granted, and the Amended Petition, ECF No. 46, is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

February 25, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."